UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
SHERRIE HALL and YOLANDA ROBERSON,
Individually and on Behalf of All Other Persons
Similarly Situated,

           Plaintiffs,

  v.

TRI-BOROUGH HOME CARE LTD.,

           Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ECF CASE

No.: _____

CLASS AND COLLECTIVE ACTION
COMPLAINT

JURY TRIAL DEMANDED

## NATURE OF THE ACTION

1. Plaintiffs Sherrie Hall ("Hall") and Yolanda Roberson ("Roberson"), allege on behalf of themselves and other similarly situated current and former employees of Defendant Tri-Borough Home Care Ltd. ("Tri-Borough Home Care") and those who elect to opt into this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to (i) unpaid wages from Tri-Borough Home Care for overtime work for which they did not receive overtime premium pay, as required by law, and (ii) liquidated damages under the FLSA, 29 U.S.C. §201 *et seq.*

2. Plaintiffs Hall and Roberson further complain on behalf of themselves, and a class of other similarly situated current and former employees of Tri-Borough Home Care, under Fed. R. Civ. P. 23, that they are entitled to (i) back wages from Tri-Borough Home Care for overtime work for which they did not receive overtime premium pay, as required by the New York Labor Law § 650 *et seq.,* including Part 142, § 142-2.2 of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor under the Minimum Wage Act (Article 19 of the Labor Law),

(ii) penalties for its violations of its record keeping requirements under N.Y. LAB. L. § 195, and (iii) liquidated damages under the Labor Law, as amended by the Wage Theft Prevention Act ("WTPA").

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331, 1337, and 1343, and supplemental jurisdiction over Plaintiffs Hall and Roberson's state law claims under 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiffs Hall and Roberson's FLSA claims under 29 U.S.C. § 216(b).

4. Venue is proper in this district under 28 U.S.C. §1391(b).

5. This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6. Plaintiff Hall was, at all relevant times, an adult individual, residing in Brooklyn, New York, Kings County.

7. Plaintiff Roberson was, at all relevant times, an adult individual, residing in Brooklyn, New York, Kings County.

8. Upon information and belief, Tri-Borough Home Care is a New York Corporation, with a principal place of business at 1414 Utica Avenue, Brooklyn, New York 11203.

9. Upon information and belief, Tri-Borough Home Care is an enterprise engaged in commerce or in the production of goods for commerce. Tri-Borough Home Care is engaged in commerce or in the production of goods for commerce, because, *inter alia*, it has employees that handle goods and materials that have been produced for and

moved in commerce, and, upon information and belief, its annual gross volume of business is at least $500,000.00. These goods and materials that have been produced for and moved in commerce, which its employees have handled, include, but are not limited to, computers.

10. Tri-Borough Home Care has, directly or indirectly, hired and fired Plaintiffs Hall and Roberson and other employees, controlled their work schedule and employment conditions, determined their payment rate and method, and kept at least some records regarding their employment.

## STATEMENT OF FACTS

11. At all relevant times, Tri-Borough Home Care provides home health care services to homebound patients throughout New York City, and employs registered nurses, licensed practical nurses, personal care aides and home health aides.

12. Tri-Borough Home Care employed Plaintiff Hall as a home health aide from July 2013 to mid-February 2016.

13. Tri-Borough Home Care employed Plaintiff Roberson as a home health aide from September 2011 to January 2015.

14. For Tri-Borough Home Care to employ someone as a home health aide, that individual does not need to be a licensed registered or practical nurse.

15. The primary duties of Plaintiffs Hall and Roberson and other home health aides include delivering basic personal care, checking vital signs such as pulse and temperature, monitoring the patient's nutrition and fluid intake, assisting the patient with activities of daily living from bathing and personal care to housekeeping and meal preparation.

16. The general household work Plaintiffs Hall and Roberson and other home health aides perform include, by way of example, bed making, washing clothes, washing dishes and cleaning rooms.

17. Plaintiffs Hall and Roberson and other home health aides working for Tri-Borough Home Care are scheduled for 12-hour shifts: from 8:00 a.m. to 8:00 p.m. and from 8:00 p.m. to 8:00 a.m.

18. Plaintiffs Hall and Roberson and other home health aides clock in and out by calling a computer operated phone system and entering their individually assigned identification number.

19. Plaintiffs Hall and Roberson and other home health aides are generally scheduled for 3 12-hour shifts one week and 4 12-hour shifts the next week, and that rotation continues throughout employment.

20. During these shifts, Plaintiffs Hall and Roberson and other home health aides do not have uninterrupted meal breaks.

21. Plaintiffs Hall and Roberson and other home health aides work 48 hours each week when Tri-Borough Home Care schedules them for 4 12-hour shifts.

22. From speaking with many of them and being aware of company policy, Plaintiffs Hall and Roberson know that other home health aides work 48 hours in the weeks they work 4 12-hour shifts.

23. Throughout the time Tri-Borough Home Care employed Plaintiffs Hall and Roberson and, upon information and belief, both before that time and continuing until today, home health aides regularly work more than 40 hours per week.

24. During an 8-hour shift, Plaintiffs Hall and Roberson and other home health aides typically spend 2 hours performing general household work, equaling 25% of their shift.

25. From speaking with many of them, Plaintiffs Hall and Roberson know that other home health aides perform the same primary duties as them and similarly spent 2 hours performing general household work each shift.

26. Throughout the time Tri-Borough Home Care employed Plaintiffs Hall and Roberson and, upon information and belief, both before that time and continuing until today, Tri-Borough Home Care has employed other individuals as home health aides who, like Plaintiffs Hall and Roberson, spent at least 20% of their shift performing general household work.

27. Tri-Borough Home Care paid Plaintiffs Hall and Roberson and other home health aides their regular hourly rate for every hour worked – even when they worked more than 40 hours.

28. Tri-Borough Home Care did not pay Plaintiffs Hall and Roberson and other home health aides overtime premium pay of 1.5 times their regular hourly rate whenever they worked more than 40 hours.

29. Tri-Borough Home Care, upon information and belief, classified Plaintiffs Hall and Roberson and the other home health aides as exempt from the FLSA and Labor Law's overtime requirements.

30. Plaintiffs Hall and Roberson's hourly rate was $10.00.

31. Tri-Borough Home Care was aware of its obligations under the FLSA and Labor Law to pay Plaintiffs Hall and Roberson and the other home health aides overtime premium pay, but knowingly or recklessly disregarded these obligations.

32. Tri-Borough Home Care did not provide Plaintiffs Hall and Roberson and, upon information and belief, other home health aides with the Notice and Acknowledgement of Pay Rate and Payday under Labor Law § 195.1 when they were hired or at any time during their employment.

33. Plaintiff Roberson attended a training session approximately every three months, at which there were at least 20 to 30 other Tri-Borough Home Care home health aides.

## COLLECTIVE ACTION ALLEGATIONS

34. Under 29 U.S.C. § 207, Plaintiffs Hall and Roberson seek to prosecute their FLSA claims as a collective action on behalf of all persons Tri-Borough Home Care employed and is employing as "home health aides," or in a position that performed similar duties as Plaintiffs Hall and Roberson, at any time since April 11, 2013 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid overtime compensation at rates not less than one and one-half (1.5) times their regular rate of pay for hours worked in excess of 40 per workweek (the "Collective Action Members").

35. Plaintiffs Hall and Roberson and the Collective Action Members are similarly situated on several legal and factual issues:

   a. They performed similar duties;

-6-

b. Tri-Borough Home Care employed them within the meaning of the FLSA;

c. Tri-Borough Home Care failed to pay the Collective Action Members overtime compensation for hours worked in excess of 40 per workweek, violating the FLSA and the regulations promulgated thereunder;

d. Tri-Borough Home Care misclassified the Collective Action Members as exempt from overtime;

e. Tri-Borough Home Care's violations of the FLSA are willful as that term is used within the context of the FLSA;

f. Tri-Borough Home Care is liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees;

g. Tri-Borough Home Care should be enjoined from such violations of the FLSA in the future; and

h. The statute of limitations should be estopped or equitably tolled due to Defendants' statutory violations.

## CLASS ALLEGATIONS

36. Plaintiffs Hall and Roberson sue on their own behalf and on behalf of a class of persons under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3).

37. Plaintiffs Hall and Roberson bring their Labor Law claims on behalf of all persons who Tri-Borough Home Care is employing and has employed as "home health aides" at any time since April 11, 2010, to the entry of judgment in this case (the "Class Period"), who were non-exempt employees within the meaning of the Labor Law, who

were not paid overtime compensation at rates not less than one and one-half (1.5) times the regular rate of pay for hours worked in excess of 40 per workweek (the "Rule 23 Class Members").

38. Plaintiffs Hall and Roberson bring their Labor Law § 195.1 claim on behalf of all persons whom Tri-Borough Home Care is employing and has employed as "home health aides" at any time since April 9, 2011 (*i.e.* the effective date of the WTPA), to the entry of judgment in this case (the "Sub-Class Period"), who did not receive from Tri-Borough Home Care the Notice and Acknowledgement of Pay Rate and Payday under Labor Law § 195.1 at the time of hire or at any point during their employment (the "Rule 23 Sub-Class Members").

39. The Rule 23 Class and Sub-Class Members identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within Tri-Borough Home Care' sole control, upon information and belief, approximately 300 Rule 23 Class Members exist during the Class Period.

40. Plaintiffs Hall and Roberson's claims are typical of the Rule 23 Class and Sub-Class Members' claims, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

41. Tri-Borough Home Care has acted or refused to act on grounds generally applicable to the Rule 23 Class and Sub-Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

42. Plaintiffs Hall and Roberson are committed to pursuing this action and have retained competent counsel experienced in employment law, wage and hour law, and class action litigation.

43. Plaintiffs Hall and Roberson's claims are typical of the Rule 23 Class and Sub-Class Members.

44. Plaintiffs Hall and Roberson have the same interest as the Rule 23 Class and Sub-Class Members: to recover the unpaid wages and statutory penalties.

45. Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions solely affecting individual Rule 23 Class and Sub-Class Members, including but not limited to:

    a. Whether Tri-Borough Home Care employed Plaintiffs Hall and Roberson and the Rule 23 Class and Sub-Class Members within the meaning of the Labor Law;

    b. Whether Tri-Borough Home Care misclassified the Rule 23 Class Members as exempt from the Labor Law's overtime requirements;

    c. Whether Tri-Borough Home Care failed and/or refused to pay Plaintiffs Hall and Roberson and the Rule 23 Class Members overtime premium pay for hours worked in excess of 40 hours per workweek within the meaning of the Labor Law;

    d. Whether Tri-Borough Home Care failed to provide Plaintiffs Hall and Roberson and the Rule 23 Sub-Class Members the required Notice under Labor Law § 195.1;

    e.  Whether Tri-Borough Home Care is liable for all damages claimed hereunder, including but not limited to, interest, costs and disbursements and attorneys' fees; and

    f.  Whether Tri-Borough Home Care should be enjoined from such violations of the Labor Law in the future.

FIRST CAUSE OF ACTION

FAIR LABOR STANDARDS ACT – UNPAID OVERTIME
(Brought on Behalf of Plaintiffs Hall and Roberson and the Collective Action Members)

  46.  Plaintiffs Hall and Roberson repeat and reallege each and every allegation of the preceding paragraphs as if fully set forth herein.

  47.  At all relevant times, Tri-Borough Home Care has been and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

  48.  At all relevant times, Tri-Borough Home Care employed and continues to employ Plaintiffs Hall and Roberson and each Collective Action Member within the FLSA's meaning.

  49.  Upon information and belief, at all relevant times, Tri-Borough Home Care has gross revenues in excess of $500,000.

  50.  Plaintiffs Hall and Roberson consent in writing to be a party to this action under 29 U.S.C. §216(b). Their written consents are attached hereto and incorporated by reference.

  51.  Tri-Borough Home Care was required to pay Plaintiffs Hall and Roberson and the Collective Action Members no less than one and one-half (1.5) times the regular rate at which they were employed for all hours worked in excess of 40 hours in a

workweek under the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

52.  In failing to pay Plaintiffs Hall and Roberson and the Collective Action Members overtime premium pay, Tri-Borough Home Care violated the FLSA and the regulations thereunder, including 29 C.F.R. §§ 785.13 and 785.11.

53.  At all relevant times, Tri-Borough Home Care had a policy and practice of refusing to pay overtime compensation to the Collective Action Members for their hours worked in excess of 40 per workweek.

54.  Because Tri-Borough Home Care's violations of the FLSA have been willful, a three-year statute of limitations applies under 29 U.S.C. § 255.

55.  As a result of Tri-Borough Home Care's FLSA violations, Plaintiffs Hall and Roberson and the Collective Action Members have suffered damages by being denied overtime wages and by being denied compensation for all hours worked above 40 in a week in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation under 29 U.S.C. § 216(b).

SECOND CAUSE OF ACTION

NEW YORK LABOR LAW – UNPAID OVERTIME
(Brought on Behalf of Plaintiffs Hall and Roberson and the Rule 23 Class Members)

56.  Plaintiffs Hall and Roberson repeat and reallege each and every allegation of the preceding paragraphs as if fully set forth herein.

57.  Tri-Borough Home Care is an employer within the meaning of Labor Law §§ 190, 196-d, 651(5), and 652, and supporting New York Statement Department of

Labor Regulations, and employed Plaintiffs Hall and Roberson and the Rule 23 Class Members.

58. Under the Labor Law and supporting New York Statement Department of Labor Regulations, Tri-Borough Home Care was required to pay Plaintiffs Hall and Roberson and the Rule 23 Class Members one and one-half (1.5) times their regular rate of pay for all hours they worked in excess of 40.

59. Tri-Borough Home Care failed to pay the Rule 23 Class Members overtime premium pay for any hour they worked above forty in a week, violating the Labor Law. 12 N.Y.C.R.R. § 142-2.2.

60. Tri-Borough Home Care failed to compensate Plaintiffs Hall and Roberson and the Rule 23 Class Members at their overtime premium rate for any hour worked in excess of 40 per week.

61. Tri-Borough Home Care has willfully violated the Labor Law by knowingly and intentionally failing to pay the Rule 23 Class Members the correct amount of overtime wages.

62. Due to its violations of the Labor Law, Plaintiffs Hall and Roberson and the Rule 23 Class Members are entitled to recover from Tri-Borough Home Care their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest.

<u>THIRD CAUSE OF ACTION</u>

NEW YORK LABOR LAW – RECORDKEEPING VIOLATIONS
(Brought on Behalf of Plaintiffs Hall and Roberson and the Rule 23 Sub-Class Members)

63. Plaintiffs Hall and Roberson repeat and reallege each and every allegation of the preceding paragraphs as if fully set forth herein.

64. Tri-Borough Home Care has willfully failed to supply Plaintiffs Hall and Roberson and the Rule 23 Sub-Class Members with the required Notice and Acknowledgement of Pay Rate and Payday under Labor Law § 195.1.

65. Due to its violations of Labor Law § 195.1, Plaintiffs Hall and Roberson and the Rule 23 Sub-Class Members are entitled to recover from Tri-Borough Home Care $50.00 for each work day that the violations occurred or continue to occur, or a total of $5,000.00, as provided for by Labor Law § 198(1)-b, reasonable attorneys' fees, costs, injunctive and declaratory relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Hall and Roberson, on behalf of themselves, the Rule 23 Class, Rule 23 Sub-Class and Collective Action Members, respectfully request this Court grant the following relief:

    a. Certifying this action as a class action under Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the Rule 23 Class and Sub-Class Members and appointing Plaintiffs Hall and Roberson and their counsel to represent the Rule 23 Class and Sub-Class;

    b. Designating this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice under 29 U.S.C. § 216(b) to all similarly situated members of an FLSA collective action, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue under 29 U.S.C. § 216(b);

    c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the Labor Law;

      d.     An injunction against Tri-Borough Home Care and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

      e.     An award of unpaid overtime compensation under the FLSA and the Labor Law,

      f.     An award for failing to provide the Labor Law § 195.1 Notice to the Rule 23 Sub-Class;

      g.     An award of liquidated and/or punitive damages as a result of Tri-Borough Home Care's willful failure to pay overtime compensation under the FLSA;

      h.     An award of liquidated and/or punitive damages as a result of Tri-Borough Home Care's willful failure to pay overtime compensation a under the Labor Law;

      i.     Equitably tolling the statute of limitations under the FLSA;

      j.     An award of prejudgment and post-judgment interest;

      k.     An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

      l.     Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs Hall and Roberson demand a trial by jury on all questions of fact the Complaint raises.

Dated: New York, New York
April 11, 2016

                          BRONSON LIPSKY LLP

                          s/ Douglas B. Lipsky
                          Douglas Lipsky
                          Rachel Schulman
                          630 Third Avenue, Fifth Floor
                          New York, New York 10017-6705
                          Phone:  212.392.4772
                          dl@bronsonlipsky.com
                          rs@bronsonlipsky.com

                          *Attorneys for Plaintiffs Hall and Roberson*

## CONSENT TO BECOME PARTY PLAINTIFF

1. I consent to be a party plaintiff in a lawsuit against __Tri-Borough Home Care Ltd.__ and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, 29 U.S.C. § 216(b) and/or state law.

2. By signing and returning this consent form, I hereby designate Bronson Lipsky LLP to represent me in this lawsuit and to make decisions on my behalf concerning the litigation and any settlement. I also authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Bronson Lipsky LLP concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

3. I also consent to join any separate or subsequent action to assert my claims against __Tri-Borough Home Care Ltd.__ and/or any related entities or persons potentially liable.

_____   3/4/16
Signature                          Date

__Sherrie Hall__
Print Name

## CONSENT TO BECOME PARTY PLAINTIFF

1. I consent to be a party plaintiff in a lawsuit against Tri-Borough Home Care Ltd. and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, 29 U.S.C. § 216(b) and/or state law.

2. By signing and returning this consent form, I hereby designate Bronson Lipsky LLP to represent me in this lawsuit and to make decisions on my behalf concerning the litigation and any settlement. I also authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Bronson Lipsky LLP concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

3. I also consent to join any separate or subsequent action to assert my claims against Tri-Borough Home Care Ltd. and/or any related entities or persons potentially liable.

_Yolanda Roberson_  
Signature

_03/24/16_  
Date

_Yolanda Roberson_  
Print Name